Cardozo, J.
This is an application on the part of the Continental Life Insurance Company,—between whom and the receiver of this company, an agreement was made on November 8, last, for the re-insurance of policy-holders in the British Commercial Life Insurance Company,—to open an order, made January 18, 1870, without notice to, and without regularly and formally hearing, the present petitioner, by which the contract in question is entirely disregarded, and the receiver is directed to make re-insurance for such policy-holders as may request it, in the Northwestern Mutual Life Insurance Company, and for those who do not so request, in the company of the petitioner, and in case either company should decline, then to make the insurance in the other, and if both decline to report to the court. The order was made upon the faith of a stipulation between the parties to the suit (but was conditioned upon being approved by this court), after the contract before mentioned had been made in pursuance of authority vested in the receiver by a previous order, which was modified by the order last mentioned.
I do not doubt that the court has the power, since all contracts with its officers are made subject to its ratification,—and in the present instance, the contract was expressly so made,—to vacate the agreement and give another direction, if in its judgment that should be done; but to do that without notice, and without hearing the parties who have become interested in the subject by a contingent agreement, is so manifestly unfair, and is such a departure from well settled practice, that I have no hesitation in saying that an order *106 which has been thus made must-be vacated as a matter of ordinary honesty, so that the company may be' heard. If it shall be understood that parties dealing with the officers of the court have no rights, not even the right to claim to be heard, the court may find itself in a position of great embarrassment, for no one will deal with it upon such terms, and its sales will soon be conducted in the absence of purchasers.
It is of course familiar practice under proper circumstances to order a sale to be vacated, and property to be re-sold upon the application of the parties to a suit, or some of them, and although the purchaser may suffer by it; but no one ever heard of any such thing being done without notice to the purchaser, and without making such indemnity to him as the court should think justice demanded.
I do not intend to discuss the question whether such proceedings had been taken that an appeal, operating as a stay, had been taken, when the contract was made ; because it is not pretended that either the receiver, or the petitioner, knew of any such appeal being perfected, or that they acted in any but the best faith ; and inasmuch as when the appeal was disposed of, which it has been, the only question which would be important is, whether the contract is such as ought to be made, whether it was just what should be done, that point only is material now. The contract' would not be void because made during the stay, but when the proper time arrived, the court would say what ought to be done with it, and if it was just what the court would most approve, then it ought to stand.
Comparing the live companies—the petitioner and that mentioned in the order of January last,—their relative condition—the fact that the former is a home company directly under our supervision and control, while the latter is younger, so far as this State is concerned, being in fact foreign, and the terms offered by each *107 I can have no doubt which of the two ought to be selected. It is too plain for argument that the petitioner is the right one.
But it is supposed that because a number of policyholders ask to be re-insured in the foreign company, that therefore such an order should be made as will accomplish that purpose.
There is no positive right in any of the policy-holders to select a company. In a case like this, the court, acting as guardian for all, must'make such an order as shall best protect the interests, not of the many, or the few, but of all. Doubtless the wishes of policy-holders should be consulted with a view of ascertaining what is the best course to be pursued ; but, after all, the court must determine, upon a consideration of the best interests of all concerned. And the wisdom of this rule cannot be better illustrated than by this case, in which it is shown that the minds of policy-holders vacillate so greatly—some of them first signing a petition for one company, and afterwards retracting and asking for the other.
But it is my duty to see that all are insured in a company of’ which I can approve. I must not, by gratifying those who seek a foreign company, oblige those who do not, to take insurance there, when I can not say that I think it wise or right that they should, or to put them in a position where they must either go without insurance, or cancel their present policies, and take the chance of finding companies willing now to assume the risk of their lives as new contracts, and subject them to the payment of the increased premiums which their advanced age would demand.
My duty is to select a company which all ought to be satisfied with, and to make such an order as will effectually protect all. And, guided by that consideration, I am bound to say I cannot consent to approve of a foreign corporation, while one offering quite as good *108 terms, and whose condition is far more substantial, is willing to take the whole risk.
Those who prefer to go from home after the court has done its duty in protecting all, can do so; they can get the value of their policies after the re-insurance has been effected, and have their policies canceled, and upon their own responsibility, and at their own risk and increased cost, can travel to as distant a spot as they please, and take out policies as the condition of their health will permit, in as young and untried a company as they choose. But they cannot be permitted, even if they should be the more numerous, to devolve all those risks and dangers upon the others. If the court should make such an order it would, against its convictions of what was prudent, sanction the selection of a foreign company, and would fail in its duty to see that all are properly protected.
The order of January 18 must be modified in accordance with these views, and I have the less hesitation in doing so, because that order was a most material alteration of an order which I had previously made after much reflection and consideration.
Ordered accordingly.